

YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
MARK ROZENBERG▪
TAMIR SALAND▪
HASAN SIDDIQUI▲
KENNETH WILLARD▲▪
PETERPAUL SHAKER▪
RAMI SALIM▲▪
▲ NJ Bar Admission
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

November 6, 2023

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

**Via ECF**

        Re:    *Spitz v. Caine & Weiner Company, Inc.*
               Docket No. 1:23-cv-07853-PKC-CLP
               **Plaintiff's Response To the Court's Order to Show Cause**

Dear Judge Chen:

### I.    Introduction

This office represents Plaintiff Mattie Spitz ("Spitz" or "Plaintiff") in the above-entitled action. This letter is in response to the Court's Order to Show Cause directing Plaintiff to show cause why this action, brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g *et seq.*, should be dismissed for lack of Article III standing. *See* Text Order dated October 23, 2023. Specifically, the Court has directed Plaintiff to recent caselaw from the U.S. Supreme Court, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), explaining that "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion*, 141 S. Ct. at 2205.

### II.    Standard of Review

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Article III standing is a threshold question in every federal case. *George v. Credit Corp. Sols. Inc.*, 2023 U.S. Dist. LEXIS 149620, at *8 (E.D.N.Y. Aug. 24, 2023)(citing *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975)). The court must be satisfied that the

plaintiff has standing to sue before proceeding to adjudicate the case. *Mohammadb v. Nat'l Enter. Sys.*, No. 21-CV-5606 (WFK) (MMH), 2023 U.S. Dist. LEXIS 175758, at *3 (E.D.N.Y. Sep. 29, 2023).

In order to establish standing, "the plaintiff must have 'suffered an injury in fact that is concrete, particularized, and actual or imminent,' that 'was likely caused by the defendant,' and that 'would likely be redressed by judicial relief.'" *George*, 2023 U.S. Dist. LEXIS 149620 at *9 (quoting *TransUnion*, 141 S. Ct. at 2203)(internal citations omitted)). "Each element of standing 'must be supported … with the manner and degree of evidence required at the successive stages of litigation,' and at the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice.'" *New York v. Yellen*, 15 F.4th 569, 575 (2d Cir. 2021)(quoting *Lujan*, 504 U.S. at 561). Thus, "'it is well established that the pleading standard for constitutional standing is lower than the standard for a substantive cause of action.'" *Panebianco v. Selip & Stylianou, LLP*, No. 21-CV-5466(DRH), 2022 U.S. Dist. LEXIS 23308, at *2 (E.D.N.Y. Feb. 9, 2022)(quoting *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021)); *see also Pearl v. DCM Servs., LLC*, No. 2:21-cv-05320-OEM, 2023 U.S. Dist. LEXIS 159674, at *6 (E.D.N.Y. Sep. 10, 2023)("[A]t the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury."). "At the pleading stage, a complaint merely 'must allege facts that affirmatively and plausibly suggest that [plaintiff] has standing to sue.'" *Pearl*, No. 2:21-cv-05320-OEM, 2023 U.S. Dist. LEXIS 159674 at *6 (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).

### III. Legal Argument

"The most obvious harms are tangible monetary or physical harms." *Lodhi v. Jhpde Fin. 1, LLC*, No. 22-CV-05434 (JMA) (JMW), 2022 U.S. Dist. LEXIS 217769, at *2 (E.D.N.Y. Oct. 21, 2022)(citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)). "But harms need not always be tangible in nature." *Lodhi*, No. 22-CV-05434 (JMA) (JMW), 2022 U.S. Dist. LEXIS 217769 at *2 (citing *TransUnion*, 141 S. Ct. at 2208). "Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204. In determining whether plaintiffs have adequately alleged an intangible injury, courts must determine "whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Faherty v. Rubin & Rothman, LLC*, No. 3:21-cv-650(AWT), 2022 U.S. Dist. LEXIS 63813, at *7 (D. Conn. Apr. 6, 2022)(citing *TransUnion*, 141 S. Ct. at 2204). "[C]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2204.

#### A. Plaintiff Has Suffered Tangible Pecuniary Harm by Taking No Action on the Letter

Pecuniary harms have been widely recognized as tangible harm conferring Article III standing. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668, 709 (S.D.N.Y. 2019)("Wage garnishment is a pecuniary harm that satisfies the actual injury requirement."); *see also Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*, No. 22-CV-6415-FPG, 2023 U.S. Dist. LEXIS 118989, at *15 (W.D.N.Y. July 11, 2023)("Although the Second Circuit does not appear to have determined whether lost time value of money constitutes such an injury, the Seventh, Ninth, and Eleventh Circuits have all concluded that it does.")(collecting Circuit cases); *see also AFGE v. OPM (In re United States OPM Data Sec. Breach Litig.)*, 928 F.3d 42, 66, 442 U.S. App. D.C. 42 (D.C. Cir.

2019)("delay in … receipt of refunds and the forgone time value of that money, is an actual, tangible pecuniary injury."); *see also cf. Ciccone v. Cavalry Portfolio Servs., LLC*, No. 21-CV-2428(JS)(JMW), 2021 U.S. Dist. LEXIS 228037, at *14-15 (E.D.N.Y. Nov. 29, 2021)("Plaintiff does not allege that the wording confused or distressed him, let alone that he relied on it to his detriment in any way, or that he would have availed himself to the discount had the wording been clearer."); *see also Clarke v. McCabe, Weisburg & Conway, LLC*, No. 22-CV-3289 (RPK) (PK), 2022 U.S. Dist. LEXIS 136286, at *6 (E.D.N.Y. Aug. 1, 2022)(noting that "plaintiff might well establish standing by plausibly alleging that she would have actually settled her debt if defendant's letter had been FDCPA-compliant"); *see also Demarattes v. Enhanced Recovery Co., LLC*, No. 20-CV-4722(KAM)(LB), 2022 U.S. Dist. LEXIS 163129, at *10 (E.D.N.Y. Sep. 9, 2022)("Plaintiff's allegation that she was denied two loans due to the inaccurate credit reporting resulting from the false debt information furnished by ERC constitutes a 'specific allegation[ ] of … monetary harm' that confers Plaintiff constitutional standing."); *see also Ergas v. Eastpoint Recovery Grp., Inc.*, No. 20-CV-333S, 2022 U.S. Dist. LEXIS 84493, at *23 (W.D.N.Y. May 10, 2022)("Tataru could have suffered a concrete injury if, because he suspected the letter was from a scammer, he delayed taking action on the debt and was then charged more interest as a result.")(quoting *Tataru v. RGS Fin., Inc.*, No. 18-cv-6106, 2021 U.S. Dist. LEXIS 79413, at *10 (N.D. Ill. Apr. 26, 2021)).

Moreover, "[p]resent injurious effect on an individual's financial decisions is a cognizable injury in fact and presents a live controversy within the 'case or controversy' limitation of Article III." *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 405-06 (E.D.N.Y. 2015). The imposition of tax is also considered a tangible pecuniary harm under Article III. *See Berkson*, 97 F. Supp. 3d at 406 ("determining that an imposition of a tax was 'plainly' a cognizable injury)(citing and interpreting *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 287, 117 S. Ct. 811, 136 L. Ed. 2d 761 (1997)); *see also Gen. Motors Corp.*, 519 U.S. at 287 ("Although the wholesalers were not among the class of out-of-state liquor producers allegedly burdened by Hawaii's law, we reasoned that the wholesalers suffered economic injury both because they were directly liable for the tax and because the tax raised the price of their imported goods relative to the exempted in-state beverages.")(citing and interpreting *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 267, 82 L. Ed. 2d 200, 104 S. Ct. 3049 (1984))(collecting cases).

Plaintiff here has suffered pecuniary harm of the kind contemplated in *Berkson*, *Tataru*, and *Clarke*. Specifically, Plaintiff was confused by the debt collection letter because it stated two different amounts of the debt and failed to resolve the discrepancy. *See* Dkt. # 1, ¶¶ 28-35. The letter states that Plaintiff owes $1,232.38 as of October 18, 2022, but then gives a total of $1,245.49 after purporting to itemize interest and fees of $0. *See Id.* at ¶¶ 28-35. Plaintiff has alleged that she was confused by the dueling debts in the letter and, as a result of this confusion, failed to take any action on the debt. *See Id.* at ¶¶ 35, 57.

One reasonable conclusion to draw from the letter is that the debt is dynamic and, as alleged in the Complaint, subject to hidden fees. *See Id.* at ¶ 42; *see also Madorskaya v. Frontline Asset Strategies, LLC*, No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *16 (E.D.N.Y. Jan. 27, 2020)("[T]he non-zero amount of interest accrued since charge-off listed in the debt collection letter at issue… created ambiguity for the least sophisticated consumer because it suggested that interest might accrue in the future."); *see also Meola v. Asset Recovery Sols., LLC*, No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101, at *9-10 (E.D.N.Y. Aug. 15, 2018)("If interest has accrued since charge off, it is quite reasonable to assume that it continues to accrue. Yet, there is no definitive statement from the debt collector one way or the other.").

Therefore, taking into consideration the dynamic nature of the debt, Plaintiff's confusion and resulting inaction on the debt has subjected her to further fee accruals on the debt. This constitutes a tangible pecuniary harm in line with the authorities above. *See e.g. Ergas*, No. 20-CV-333S, 2022 U.S. Dist. LEXIS 84493 at *23 ("Tataru could have suffered a concrete injury if, because he suspected the letter was from a scammer, he delayed taking action on the debt and was then charged more interest as a result.")(quoting *Tataru*, No. 18-cv-6106, 2021 U.S. Dist. LEXIS 79413 at *10). These fee accruals are similar to the tax accruals at issue in *Gen. Motors Corp.* and *Bacchus Imports* and constitute tangible injuries under Article III. *See Berkson*, 97 F. Supp. 3d at 406; *see also Bacchus Imports*, 468 U.S. at 267.

This case is distinguishable from several recent cases that have been decided by the Court. In *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156 (PKC) (CLP), 2022 U.S. Dist. LEXIS 69332 (E.D.N.Y. Apr. 14, 2022), the plaintiff merely alleged that "he 'was confused and misled to his detriment by the statements in the [l]etter, and relied on the contents of the [l]etter to his detriment' [and] he 'would have pursued a different course of action were it not for Defendant's statutory violations.'" *Wolkenfeld*, No. 22-CV-1156 (PKC) (CLP), 2022 U.S. Dist. LEXIS 69332 at *2-3. This Court rejected these allegations are vague and conclusory and insufficient to establish enough factual background to make it plausible that the plaintiff was misled to his detriment by the letter. No. 22-CV-1156 (PKC) (CLP), 2022 U.S. Dist. LEXIS 69332 at *7 ("Plaintiff's Complaint is devoid of the type of specific factual allegations that would allow the Court to assume that Plaintiff actually relied on Defendant's representation to his own detriment, and thus these allegations also fail to establish standing.").

By contrast, here, Plaintiff has specifically alleged that she "was unaware as to why Defendant included an itemized breakdown with no information as to the fees and interest charged or to payments and credits made." *See* Dkt. # 1, ¶ 57. Moreover, the letter makes it clear that the debt is dynamically increasing, *see Id.* at ¶¶ 28-35, and therefore that Plaintiff's confusion over the letter, as well as her subsequent inaction on the debt, subjected her to further fee accruals since the letter was sent.

So too in *Nojovits v. Ceteris Portfolio Servs., LLC*, No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515 (E.D.N.Y. June 7, 2022), this Court rejected the plaintiff's standing because the complaint failed to allege dynamic increasing fees as a basis for Article III standing. *Nojovits*, No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515 at *5-6. The court further opined, in *dicta*, that it would not allow such allegations to confer standing in the future because standing could simply be manufactured by delaying payment, "even when the plaintiff is well aware of her debt obligation." No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515 at *6.

But here, Plaintiff has alleged the basis for her confusion, rather than generalized allegations of detrimental reliance. *See* Dkt. # 1, ¶ 57. And while the assertion of damages appears conclusory on its face, *see Id.* at ¶ 57, in conjunction with the dynamic and changing nature of the debt, it is reasonable to draw the inference that Plaintiff has been subjected to fee accruals in the interim since the letter was sent and will continue to be subjected to them in the future. *See Id.* at ¶¶ 28-35; *see also* Dkt. # 1-1; *see also Yellen*, 15 F.4th at 575 (noting that "[the court's] task is to determine whether, 'accepting as true all material factual allegations of the complaint, and drawing all reasonable inferences in favor of the plaintiff[],' the complaint 'alleges facts that affirmatively and plausibly suggest that the plaintiff[] ha[s] standing to sue.'")(quoting *Carter*, 822 F.3d at 56-57).

Moreover, unlike the letter in *Nojovits*, which contained $0 itemizations for fees and interest, the debt in this case has been increasing. The $0 line itemizations are in fact the very basis for Plaintiff's FDCPA claims. It was the confusion over these $0 itemizations that led Plaintiff not to take action on the debt and subsequently resulted in fee accruals and will continue to do so in the future. The letter in *Nojovits* contained no indication that further accruals would happen in the future. *See Nojovits*, No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515 at *6. And this Court's concern that a plaintiff could manufacture standing simply by delaying payment "even when the plaintiff is well aware of her debt obligation" does not apply. As the Complaint makes clear, Plaintiff was not aware of the amount of the debt owed, and it was this confusion which led Plaintiff not to take any action on the debt.

### B.  Plaintiff's Emotion Distress Constitutes Injury-in-Fact

For similar reasons, Plaintiff's emotional distress that is alleged in the Complaint establishes injury-in-fact under Article III. *See Durden v. DNF Assocs. LLC*, No. 22-CV-799S(Sr), 2023 U.S. Dist. LEXIS 4592, at *4 (W.D.N.Y. Jan. 10, 2023)("Emotional distress may also constitute concrete harm sufficient to meet the injury in fact requirement for Article III standing."); *see also Haynes v. Transunion*, No. 19-CV-7157(JS)(ARL), 2021 U.S. Dist. LEXIS 141023, at *11-14 (E.D.N.Y. July 28, 2021)(finding generalized allegations of emotional distress sufficient to confer Article III standing and concluding).

In *Haynes*, for example, the court rejected the defendant's attempts to "dissect" the plaintiff's allegations of emotional harm at the pleading stage. *See Haynes*, No. 19-CV-7157(JS)(ARL), 2021 U.S. Dist. LEXIS 141023 at *14. It found the proposition that emotional harm can satisfy the demands of Article III standing "unremarkable" as "'there can be little doubt that emotional harm has long been regarded as a harm providing a basis for a lawsuit in English and American courts.'" No. 19-CV-7157(JS)(ARL), 2021 U.S. Dist. LEXIS 141023 at *11 (quoting *In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 50 (S.D.N.Y. 2017)). The court found allegations of "anguish, frustration, lack of meaningful sleep, and fear of incoming calls," and "mental stress, lost sleep, and emotional distress" sufficient at the pleading stage where the court would be unable to disentangle the complicated web of emotions going on with the plaintiff without further discovery. *See Id.* at *13-14. The court found that the defendant's attempts attempt to dissect these allegations were not a challenge to the plaintiff's standing under Article III, but a challenge to the sufficiency of the allegations under *Twombly*, which the court rejected. *See Id.* at *11-12 ("[T]he Moving Defendants' standing arguments are factual, not legal -- they are more about *Twombly*'s pleading requirements than standing under *Spokeo* and Article III.").

So too in *Durden*, the court found that plaintiff's allegations that she "suffered a great deal of emotional distress as a result of defendant's conduct are sufficient to establish a concrete harm and thereby afford this court standing to address plaintiff's lawsuit." *See Durden*, No. 22-CV-799S(Sr), 2023 U.S. Dist. LEXIS 4592 at *4. To the extent that this Court has rejected emotional distress in the past as a sufficient basis to establish Article III standing, this Court should reconsider its holding in *Wolkenfeld*. *See Wolkenfeld*, No. 22-CV-1156 (PKC) (CLP), 2022 U.S. Dist. LEXIS 69332 at *5 ("Plaintiff simply does not 'plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief.'")(quoting *Maddox, N.A.*, 19 F.4th at 65-66); *see also Nojovits*, No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515 at *5 ("Plaintiff misses the point of what makes these allegations 'perfunctory'—namely, that Plaintiff offers no explanation for why the challenged conduct would cause such an extreme reaction…"). This Court should rather follow the reasoning set forth in *Durden*.

*Spitz v. Caine & Weiner Company, Inc.*
November 6, 2023

      Moreover, Plaintiff has provided the allegations describing in detail the emotional harm suffered that was missing in *Wolkenfeld* as well as the basis for her emotional distress that was missing in *Nojovits*. Specifically, Plaintiff alleges "Defendant's Letter further caused distress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendant included an itemized breakdown with no information as to the fees and interest charged or to payments and credits made." *See* Dkt. # 1, ¶ 57. Plaintiff also describes in detail why she feels the way she does: "Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the fear of a debt collector attempting to collect more than the legally authorized amount." *See Id.* at ¶ 52. While perhaps not of the shocking variety that would make allegations of emotional distress an all but absolute certainty, Plaintiff's allegations nevertheless set forth the basis for her emotional distress and humiliation that the court in *Durden* found sufficient. Plaintiff's further allegations describing the basis for those emotions also distinguish prior caselaw from this Court.

                                                    Respectfully submitted,

                                                    */s/ Rami Salim*
                                                  Rami Salim, Esq.
                                                  Stein Saks, PLLC
                                                  One University Plaza, Suite 620
                                                  Hackensack, NJ 07601
                                                  Email: rsalim@steinsakslegal.com
                                                  *Attorney for Plaintiff*

cc:     All Counsel of Record via ECF